FILED
MAY 11 2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* [SEALED],<br>Plaintiff,<br>v.<br>[SEALED],<br>Defendant. | 4:26-cv-00721 SEP<br>COMPLAINT AND JURY DEMAND<br>**Filed Under Seal**<br>pursuant to<br>31 U.S.C. § 3730(b)(2) |

**FILED UNDER SEAL**
**31 U.S.C. § 3730(b)(2)**
**DO NOT POST ON ECF**
**DO NOT PUT IN PRESS BOX**

Stephen A. Teller, WSBA #23372
Teller Law
300 Lenora St. #1471
Seattle, WA 98121
(206) 324-8969

*Counsel for Plaintiff Relator*

FILED
MAY 1 1 2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DANIEL FOSTER,<br>Plaintiff,<br>v.<br>GREENBRIAR HILLS COUNTRY CLUB, a Missouri nonprofit corporation,<br>Defendant. | NO.<br>COMPLAINT AND JURY DEMAND<br>**Filed Under Seal**<br>pursuant to<br>31 U.S.C. § 3730(b)(2) |

## NATURE OF THE ALLEGATIONS

1. Relator brings this action on behalf of himself and the United States of America against Defendant for violations of the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

2. This action seeks to recover funds that were loaned to Defendant through the federal Government's Paycheck Protection Program ("PPP"), and later forgiven, as a result of false applications.

3. Greenbriar Hills Country Club (GHCC) is a private club located in Kirkwood, Missouri. In April 2021, GHCC fraudulently obtained a first-draw PPP loan in the amount of $737,863.00 through Commerce Bank. Membership at GHCC is subject to a discretionary approval process and is not available to the general public on a first come, first-served basis. As such, GHCC was not eligible for the PPP under 13 CFR § 120.110(i), which barred both private



**Teller Law**
300 Lenora Street, #1471
Seattle, WA 98121
(206) 324-8969 steve@stellerlaw.com

clubs, and also any business that "limit[s] the number of memberships for reasons other than capacity", from participating in the program.

4. GHCC later applied for loan forgiveness, which the SBA granted in the amount of $740,917.00 on September 7, 2021. Including a lender processing fee of $22,135.89 paid by the SBA to Commerce Bank in connection with the loan, the total loss to the government stands at $763,052.89.

5. In its applications for the loan and loan forgiveness, GHCC falsely certified that it was eligible for the PPP loan when in fact, GHCC had ample notice that it was ineligible under SBA rules. For example, the SBA's website provided information about the applicability of 13 CFR § 120.110(i) in 2020 and 2021. Furthermore, GHCC was a member of the Club Management Association of America ("CMAA"), which repeatedly warned private clubs of this rule.

6. Relator used his digital investigative experience to identify the fraud described herein. While some of the relevant information is from publicly available sources, but not generally from "news media" as that term is defined in the False Claims Act, this complaint involved in-depth research as part of an investigation. As a result, Relator obtained information showing that Defendant operates a private members club which limits membership for reasons other than capacity. These materials contradict representations made by Defendant that it was eligible for PPP loans.

7. Prior to the filing of this Complaint, Relator voluntarily made substantive disclosures to the government of facts and evidence underlying the allegations in this Complaint.

8. This action is filed under seal pursuant to the requirements of the False Claims Act, 31 U.S.C. § 3730(b)(2).

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1331, 1345.



Teller Law
300 Lenora Street, #1471
Seattle, WA 98121
(206) 324-8969 steve@stellerlaw.com

10. This Court has personal jurisdiction over Defendant, and venue is proper in this District, under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b)(2) because Defendant resides in this District and transacts business in this District.

## PARTIES

11. Relator Daniel Foster is an American citizen living in Germany. Relator is a former member of a similar private members club with locations in the United States. This experience gives him knowledge of how these organizations operate, including their membership policies and business practices. In addition to identifying the fraud for the government, he has gathered and supplied to the government substantial information which has saved the government resources in proving its case.

12. Greenbriar Hills Country Club (GHCC) is a private club organized as a domestic nonprofit corporation under the laws of the State of Missouri, and is located at 12665 Big Bend Road, St. Louis, Missouri 63122-5109.

## LEGAL BACKGROUND

### A. The False Claims Act

13. The False Claims Act provides, in pertinent part, that any person who:

> (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or]
>
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; . . .
>
> * * *
>
> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104–410 [1]), plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729(a)(1).



**Teller Law**
300 Lenora Street, #1471
Seattle, WA 98121
(206) 324-8969 steve@stellerlaw.com

14. For purposes of the False Claims Act, "the terms 'knowing' and 'knowingly' mean that a person, with respect to information[,] (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A). No proof of specific intent to defraud is required. 31 U.S.C. § 3729(b)(1)(B).

**B. The Paycheck Protection Program**

15. During the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Section 1102 of the CARES Act created the Paycheck Protection Program ("PPP"), administered by the U.S. Small Business Administration ("SBA") to provide economic relief to small businesses nationwide adversely impacted by the coronavirus pandemic.

16. Section 1102 of the CARES Act temporarily permitted SBA to guarantee 100% of the PPP loans. Section 1106 of the CARES Act provided for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

17. The CARES Act gives lenders delegated authority to process loan applications for PPP funding. SBA allowed lenders to rely on certifications of the borrowers in order to determine eligibility of the borrower and use of loan proceeds, and to rely on specified documents provided by the borrower to determine qualifying loan amount, and eligibility for loan forgiveness.

18. In 2021, Congress enacted legislation to extend and expand the PPP for new borrowers. The American Rescue Plan Act of 2021, signed into law on March 11, 2021, broadened eligibility for first-draw PPP loans to include additional nonprofit organizations, provided they met specific criteria. Subsequently, the PPP Extension Act of 2021, signed into law on March 30, 2021, extended the application deadline for PPP loans from March 31 to May 31, 2021, allowing borrowers that had not previously received a first-draw loan to apply.



**Teller Law**
300 Lenora Street, #1471
Seattle, WA 98121
(206) 324-8969 steve@stellerlaw.com

19. The PPP loan application required an applicant to acknowledge the PPP program rules and to make certain affirmative certifications in order to be eligible to obtain the PPP loan.

20. Once a loan applicant like GHCC submitted its PPP loan application to a participating lender, the lender processed the loan application. If a PPP loan application was approved by the lender, the lender thereafter funded the PPP loan using its own monies, which were 100% guaranteed by the SBA.

21. After the lender processed and approved the PPP loan application for a borrower like GHCC, but prior to the closing of the PPP loan, the lender submitted to the SBA the "PPP Lender Application Form Guaranty" (SBA Form 2484) to apply for a guarantee on the loan. For a PPP loan to be approved, the lender was required to answer "yes" to Section F of the form that "[t]he Applicant has certified to the Lender that the Applicant is eligible under the Paycheck Protection Rules."

22. Therefore, if a PPP borrower lied on its PPP loan application, the PPP borrower's false certification caused the lender to submit to the SBA with respect to that PPP loan an application for a loan guarantee that contained the borrower's false certification(s).

23. Borrowers were later able to seek forgiveness of the loans if the funds were used for eligible payroll costs, payments on business mortgages, interest payments, rent, or utilities during either an 8- or 24-week period after disbursement.

24. The applicable Loan Forgiveness Application, SBA Form 3508, required the applicant seeking loan forgiveness to certify the truth of its prior first-draw PPP loan application, including that "[t]he information provided in this application and the information provided in all supporting documents and forms is true and correct in all material respects."

25. The statutes creating the PPP provided that the SBA would reimburse PPP lenders for processing at specified rates. The rate for loans of $350,000 or less was 5 percent; the rate for



**Teller Law**
300 Lenora Street, #1471
Seattle, WA 98121
(206) 324-8969 steve@stellerlaw.com

loans of more than $350,000 but less than $2,000,000 was 3 percent: and the rate for loans of $2 million or more was 1 percent. See 15 U.S.C. §§ 636(a)(36)(P)(i)(I), 636(a)(36)(P)(i)(II)(bb).

26. Certain types of businesses were barred from the PPP. In April 2020, the SBA announced that businesses identified in 13 C.F.R. § 120.110 are not eligible for PPP loans. That regulation specified, in sub-section (i), that "[p]rivate clubs and businesses which limit the number of memberships for reasons other than capacity" are "ineligible." 13 CFR § 120.110(i).

27. In March 2021, moreover, the SBA reiterated in published guidance that the types of businesses excluded under 13 C.F.R. § 120.110 remained ineligible for PPP loans under the ARPA. See 86 Fed. Reg. 15,086 (Mar. 18, 2021).

## FACTUAL ALLEGATIONS

### A. The Greenbriar Hills Country Club is a Private Club, and Restricts Membership for Reasons Other than Capacity

28. At all relevant times, Defendant operated a private club that was not open to the public. Amenities generally available only to members and invited guests included an 18-hole golf course, a swimming pool, tennis courts, and a clubhouse with multiple private dining venues such as the Men's Grill (presumably for men only), Osage Pub (for family dining), and the Candlelight Room (for formal dining).

29. As of January 2021, Defendant's "Become a Member" webpage referred to GHCC as an "exclusive, private country club." GHCC published no information about its membership process and prospective members could not apply directly.

30. Information previously published by GHCC as of October 2013 describes a membership process requiring approval from both the Board of Directors and a Membership



Teller Law
300 Lenora Street, #1471
Seattle, WA 98121
(206) 324-8969 steve@stellerlaw.com

Committee. In addition, prospective members were required to have the sponsorship of two existing members.[1] Below is a screenshot of that statement from the Defendant's own website:

> **Do you need to have a Member Sponsor or know a Member to enroll in Membership?**
>
> Membership at Greenbriar Hills Country Club does require approval from our Board of Directors and Membership Committee. We do ask for two Members Sponsors. However, if someone is new to the area, the Club will help by introducing you to Members and help ensure compatibility before the application process.

31. GHCC states that if a prospective member is new to the community, they can introduce that individual to members. However, this is done to "help ensure compatibility" prior to commencing an "application process." Such an offer is not a guarantee of sponsorship or approval.

32. Furthermore, GHCC's offer to introduce certain prospective members to existing members is limited to individuals who are new to the area and is expressly intended to assess "compatibility" before the application process begins. This confirms that GHCC evaluates prospective members based on discretionary criteria unrelated to capacity.

33. In October 2025, the private club executive search firm Kopplin Kuebler & Wallace published a job advertisement for a General Manager at GHCC. According to the job profile, the club still maintains a membership committee.[2] GHCC thus continues to maintain a selective membership process.

34. GHCC was a member of the Club Management Association of America (CMAA). A membership listing published by the CMAA St. Louis chapter in November 2020 includes Greenbriar Hills Country Club.

35. At the time of the PPP loan, the Defendant was both a private membership club and a business that restricts the number of memberships for reasons other than capacity, as defined by the SBA.

---

[1] See "GHCC Membership FAQ Oct 2013.pdf."
[2] See "Membership" under "Standing Committees" on Page 2 of "GHCC General Manager Job Posting.pdf." The publication date was obtained from the document's metadata.



**Teller Law**
300 Lenora Street, #1471
Seattle, WA 98121
(206) 324-8969 steve@stellerlaw.com

36. As such, the Defendant was not eligible for PPP loans or forgiveness.

**B. GHCC Made Knowingly False Certifications to Obtain Its PPP Loan and to Obtain Forgiveness of Its PPP Loan**

37. Because GHCC was a private club and a business that restricts the number of memberships for reasons other than capacity, it was ineligible for a PPP loan. GHCC knew that it maintained a selective membership process when it applied for a first-draw PPP loan.

38. Despite this, GHCC applied for a first-draw PPP loan of $737,863.00 through Commerce Bank (loan number 6112638701). It received approval for this loan on April 3, 2021.

39. The SBA also paid Commerce Bank a three percent lender processing fee of $22,135.89 in connection with the loan.

40. The SBA announced in April 2020 that businesses that are not eligible for PPP loans are identified in 13 C.F.R. § 120.110. That regulation specified, in sub-section (i), that "[p]rivate clubs and businesses which limit the number of memberships for reasons other than capacity" are "ineligible."

41. In March 2021, the SBA restated in an announcement that business types listed in 13 C.F.R. § 120.110, including private clubs, remained ineligible even if they were organized as non-profits.

42. Accordingly, when GHCC submitted its PPP loan application, it falsely certified, inter alia, "[t]he applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the [] SBA implementing the [PPP]."

43. Furthermore, the CMAA repeatedly warned members such as GHCC that private clubs and clubs that restricted membership for reasons other than capacity were ineligible for the PPP.

44. On April 10, 2020, CMAA's president sent its members an email with a link to a podcast entitled "Let's Talk Club Management Ep. 24 – SBA Loans and Clubs." In the podcast,



**Teller Law**
300 Lenora Street, #1471
Seattle, WA 98121
(206) 324-8969 steve@stellerlaw.com

CMAA's Melissa Low said that "the big question I get is what-- what are clubs excluded from . . . the Payroll Protection loans," and she then explained that, according to the SBA rule, "the question was asked what businesses are ineligible and that led to a portion of small business administration law that already existed that eliminates private clubs and any business which limits the number of memberships for reasons other than capacity."

45. Similarly, in its May/June 2020 issue, CMAA's Club Magazine included an article entitled, "CMAA protests exclusion of clubs from stimulus relief." The article advised that "program guidelines released in early April noted that 'private clubs and businesses which limit the number of memberships for reasons other than capacity' are ineligible."

46. CMAA reiterated this guidance in a factsheet that it posted on its website in or about December 2020: "Further, in the Interim Final Rule guidance released on April 2, 'private clubs and businesses which limit the number of memberships for reasons other than capacity' are deemed ineligible."

47. Furthermore, in February 2021 a similar industry group, the National Club Association (NCA), published a legislative update on its website explaining the changes to PPP eligibility under ARPA. NCA informed the industry that while non-profit organizations had become eligible for the PPP, private clubs were still ineligible: "While the language of the bill opens up the Paycheck Protection Program (PPP) to all 501(c) organizations, longstanding regulations from the [SBA] will likely prevent social and recreational clubs from participating in the program if those organizations limit the size of their membership for reasons other than capacity."

48. Despite its ineligibility, GHCC later sought forgiveness of its loan. On September 7, 2021, the SBA granted forgiveness of $740,917.00.



**Teller Law**
300 Lenora Street, #1471
Seattle, WA 98121
(206) 324-8969 steve@stellerlaw.com

49. In applying for loan forgiveness, GHCC certified that all information provided in its application and supporting documents was "true and correct in all material respects."

50. GHCC falsely certified its eligibility for the PPP loan and forgiveness of it. In both PPP applications (for the loan and forgiveness), Defendant ignored published guidelines from the SBA stating that private clubs and businesses limiting the number of members for reasons other than capacity are ineligible.

**COUNT I**
**VIOLATIONS OF 31 U.S.C. § 3729–FEDERAL FALSE CLAIMS ACT**

51. Relator hereby incorporates and realleges all other paragraphs as if fully set forth herein.

52. As set forth above, Defendant knowingly presented or caused to be presented false or fraudulent claims for payment or approval, in violation of 31 U.S.C. § 3729(a)(1)(A).

53. As set forth above, Defendant knowingly made, used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of 31 U.S.C. § 3729(a)(1)(B).

54. As set forth above, Defendant knowingly made, used, or caused to be made or used a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government, in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(G).

55. Due to Defendant's conduct, the United States Government has suffered substantial monetary damages and is entitled to recover treble damages and a civil penalty for each false claim. 31 U.S.C. § 3729.

56. Relator is entitled to reasonable attorneys' fees, costs, and expenses. 31 U.S.C. § 3730(d)(1).



**Teller Law**
300 Lenora Street, #1471
Seattle, WA 98121
(206) 324-8969 steve@stellerlaw.com

## PRAYER FOR RELIEF

WHEREFORE, Relator prays for judgment against Defendant:

On behalf of the United States:

a) awarding the United States treble damages sustained by it for each of the false claims or improperly retained payments;

b) awarding the United States a maximum civil penalty for each of the false claims, records, or statements;

c) awarding Relator the maximum share of the proceeds of this action and any alternate remedy or the settlement of any such claim;

d) awarding Relator litigation costs, expenses, and reasonable attorneys' fees; and

e) granting such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Relator hereby respectfully demands trial by jury on all issues and counts triable as of right before a jury.

DATED this 6th day of May, 2026.

Stephen A. Teller, WSBA #23372
Attorney for Relator Daniel Foster



**Teller Law**
300 Lenora Street, #1471
Seattle, WA 98121
(206) 324-8969 steve@stellerlaw.com